IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02362-PAB

SAN MIGUEL MOUNTAIN AND RIVER PRODUCTS, INC., and
DAVID BLUESTEIN, d/b/a Blue Action Sports Sales,

    Plaintiffs,

v.

CLOUDVEIL MOUNTAIN PEAK, LLC,
FREE COUNTRY, LTD.,
WINDSONG BRANDS, LLC,
SPYDER ACTIVE SPORTS, INC.,
WILLIAM SWEEDLER,
JIM REILLY, and
IRA SCHWARTZ,

    Defendants.

## ORDER OF DISMISSAL

This matter is before the Court *sua sponte* on plaintiffs' complaint [Docket No. 1]. The complaint alleges that the Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the

Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem given that, if jurisdiction is lacking, the case must be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs invoke 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." In regard to the citizenship of the parties, however, plaintiffs allege that plaintiff San Miguel Mountain & River Products, Inc. is a citizen of Colorado, *see* Docket No. 1 at 1, ¶ 1, and that defendant Spyder Active Sports Inc. is a Colorado citizen. *See* Docket No. 1 at 2, ¶ 6. Contrary to plaintiffs' contention, *see* Docket No. 1 at 2, ¶ 10, the presence of Colorado citizens on both sides of the dispute destroys diversity. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from

*each* plaintiff.") (emphasis in original).[1]  Therefore, it is

      **ORDERED** that this case is dismissed for lack of subject matter jurisdiction.

DATED September 14, 2011.

                                    BY THE COURT:

                                 s/Philip A. Brimmer
                                 PHILIP A. BRIMMER
                                 United States District Judge

---

[1] Plaintiffs' jurisdictional averments are deficient in many other respects.  For instance, plaintiffs aver that diversity jurisdiction is determined by reference to "residency."  Docket No. 1 at 2, ¶ 10.  Furthermore, plaintiffs fail to allege the citizenship of the natural person defendants.  *See* Docket No. 1 at 2, ¶¶ 7, 8, 9.  Plaintiffs also do not properly address the citizenship of the limited liability company defendants.  *See U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) ("[A]n LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens.") (listing cases).